# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

MICHAEL L. MILLER, )
         Plaintiff, )
vs. ) Case No. CIV-09-644-M
ILLINOIS TOOL WORKS, INC., and )
PASLODE CORPORATION, )
         Defendants. )

## ORDER

Before the Court is defendant Illinois Tool Works, Inc., Paslode Division's ("ITW") Motion for Protective Order, filed March 19, 2010. On March 26, 2010, plaintiff filed his response, and on April 30, 2010, ITW filed its reply. Based upon the parties' submissions, the Court makes its determination.

Plaintiff has brought the instant action against defendants, alleging that they are liable for injuries sustained by plaintiff while using a Paslode Cordless Framing Nailer. Through discovery, plaintiff has sought the production of all documents relating to the design, plans, material specifications, material safety data sheets, and specifications for the subject product – Paslode Cordless Framing Nailer, Model IMCT #900420. ITW asserts that these documents contain confidential, proprietary, and trade secret information and moves this Court to enter a protective order relating to these documents for purposes of production and use during discovery and trial. Plaintiff, however, contends that ITW has not shown good cause for a protective order.[1]

---

[1] Plaintiff also asserts that counsel for the parties have not met and conferred as is required by Local Civil Rule 37.1. Having reviewed the parties' submissions, the Court finds that while counsel have had discussions regarding this issue, ITW's counsel has not technically complied with Rule 37.1. However, because there has already been a substantial delay in the production of these documents, the Court finds that it is in the interests of justice and efficiency for the Court to go

Protective orders are governed by Federal Rule of Civil Procedure 26(c). That rule provides, in pertinent part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> \*            \*            \*
>
> (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; . . . .

Fed. R. Civ. P. 26(c)(1).

The party seeking a protective order must show "good cause" for its request. *Id.*; *Am. Benefit Life Ins. Co. v. Ille*, 87 F.R.D. 540, 543 (W.D. Okla. 1978). "'Good cause' within the meaning of Rule 26(c) contemplates a 'particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Am. Benefit*, 87 F.R.D. at 543 (quoting *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973)).

Additionally, the following factors are relevant in determining whether information is a trade secret:

> (1) the extent to which the information is known outside the business; (2) the extent to which the information is known by employees and others involved in the business; (3) the extent of measures taken by the business to guard the secrecy of the information; (4) the value of the information to the business and to competitors; (5) the amount of effort or money expended by the business in developing the

---

ahead and rule on the merits of ITW's motion.

> information; and (6) the ease or difficulty with which the information could be properly acquired or duplicated by others.

*Sw. Stainless, LP v. Sappington*, 582 F.3d 1176, 1189 (10th Cir. 2009) (internal citation omitted).

Having carefully reviewed the parties' submissions, the Court finds that ITW has shown good cause for its request. Specifically, the Court finds ITW has shown that documents relating to the Paslode Cordless Framing Nailer's design and material specifications contain confidential, proprietary, and trade secret information. ITW has presented evidence showing that (1) the documents at issue contain information that is not known outside ITW; (2) product design information is known only to ITW's engineers and other employees responsible for the nailer's design and the nailer's suppliers; (3) information contained in these documents is kept separate from any employees not involved in the design process; (4) product suppliers are bound by confidentiality agreements; (5) the nailer's design represents years of research and development; and (6) if such information were disseminated, the nailer's design could be duplicated by ITW's competitors, resulting in irreparable harm. *See* Affidavit of Marc Largo, attached as Exhibit 3 to ITW's Reply Memorandum in Support of Its Motion for Protective Order.

Accordingly, the Court finds that documents relating to the Paslode Cordless Framing Nailer's design and specifications are entitled to protection pursuant to Rule 26(c). Further, having reviewed ITW's proposed "Confidentiality Stipulation and Protective Order," the Court finds that a protective order substantially similar to ITW's proposed protective order should be entered in this case.

The Court, therefore, GRANTS ITW's Motion for Protective Order [docket no. 29].

**IT IS SO ORDERED this 19th day of May, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE