IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| MICHAEL L. MILLER, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | Case No. CIV-09-644-M |
| ILLINOIS TOOL WORKS INC., et al., | ) |  |
| Defendants. | ) |  |

# ORDER

Before the Court is defendant Illinois Tool Works Inc.'s ("ITW") Motion for Summary Judgment, filed December 1, 2010. On December 22, 2010, plaintiff filed his response, and on January 5, 2011, ITW filed its reply. Based upon the parties' submissions, the Court makes its determination.

I.  Introduction

Plaintiff brought the instant product liability action seeking damages for a severe eye injury he sustained while using a Paslode Cordless Framing Nailer manufactured by defendant. Specifically, on May 23, 2007, plaintiff was working for Climate Control Company using the subject nailer to attach heating and air conditioning equipment to a 10-foot high ceiling. Plaintiff was on the third step of a six-foot ladder and was holding the nailer above his head horizontally to the ground and aiming it at the boards above his head when a nail hit him in the eye. Plaintiff was not wearing safety glasses at the time.

Plaintiff asserts the nailer is defective based upon its tendency to fire nails either rearward or in an uncontrolled manner.[1] Defendant asserts that plaintiff's claims are barred because he voluntarily assumed a known risk.

## II.   Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

## III.   Discussion

> A manufacturer may allege as an affirmative defense the plaintiff's "voluntary assumption of or exposure to the risk of a known defect."

---

[1] It is unclear to the Court if plaintiff asserts that the nailer is defective in any other manner, such as a tendency to fire more than one nail at a time.

> Under this [defense] there must be a showing the plaintiff *knew of a defect* unreasonably dangerous in nature, yet voluntarily used the product. . . . in order to establish this defense under Oklahoma law, the manufacturer must prove the plaintiff had [s]ubjective awareness of the defect and consequent risk of injury.
>
> \* \* \*
>
> [A] plaintiff can "assume the risk of a known defect" without specific, technical knowledge of the *cause* of the product's dangerous, defective condition. Of course, the defendant still must prove that the plaintiff was subjectively aware of and appreciated the specific dangers in using the specific product in the specific manner he was using it when the accident occurred.

*Holt v. Deere & Co.*, 24 F.3d 1289, 1292-93 (10th Cir. 1994) (internal quotations and citations omitted) (emphasis in original).

Having carefully reviewed the parties' submissions, and particularly plaintiff's deposition testimony, the Court finds that there is a genuine issue of material fact as to whether plaintiff was subjectively aware of and appreciated the specific danger alleged – that there was a tendency of the subject nailer to discharge nails rearward and/or in an uncontrolled manner. In his deposition, plaintiff specifically testified that he did not know that when he was using the subject nailer that he was exposing himself to the risk of injury. *See* Deposition of Michael L. Miller at p. 29, lns. 9-15. Additionally, having reviewed the portions of plaintiff's deposition attached to ITW's motion and plaintiff's response, the Court finds that it is unclear whether plaintiff was aware of the alleged defect – the nailer's tendency to fire nails either rearward or in an uncontrolled manner.

Further, while plaintiff was perhaps careless in failing to wear his safety glasses, mere carelessness, particularly if the result of a false sense of security, which appears to be the case in the instant action, by itself would not bar plaintiff's recovery under the assumption of the risk doctrine. *See Holt*, 24 F.3d at 1293. If plaintiff, however, knew that the subject nailer had a tendency to fire

3

nails either rearward or in an uncontrolled manner, and was still careless in not wearing safety glasses, then under Oklahoma law a jury could find that he voluntarily assumed the risk of a known defect. Based upon the parties' submissions, the Court finds plaintiff's subjective knowledge is factually disputed and must be resolved by a jury.

The Court, therefore, finds that defendant is not entitled to summary judgment based upon its affirmative defense of voluntary assumption of or exposure to the risk of a known defect.

IV. Conclusion

For the reasons set forth above, the Court DENIES defendant's Motion for Summary Judgment [docket no. 68].

**IT IS SO ORDERED this 29th day of March, 2011.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE